Duane C. Blake (Pro se)
duane.blake@comcast.net
67 Sterling Road
Westwood, MA 02090
Telephone: 781.492.2361

**EDGERTON & WEAVER, LLP**
THEODORE C. PETERS (CA Bar No. 235115)
SABRYNE COLEMAN (CA Bar No. 271804)
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, California 90254
Tel: (310) 937-2066
Fax: (310) 937-2064

Local Counsel for Defendant, Duane C. Blake, Pro Se

*(left margin, vertical)* **EDGERTON & WEAVER, LLP** 2615 Pacific Coast Hwy., Suite 300 Hermosa Beach, California 90254 Telephone: (310) 937-2066 Facsimile: (310) 937-2064 www.edgertonweaver.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLECTORS UNIVERSE, INC., <br><br> Plaintiff, <br><br> v. <br><br> DUANE C. BLAKE, <br><br> Defendant. <br> ———————————————— <br> DUANE C. BLAKE, <br><br> Counter-Claimant, <br><br> v. <br><br> COLLECTORS UNIVERSE, INC., PROFESSIONAL COIN GRADING SERVICE, EXPOS UNLIMITED, LLC, and DHRCC, INC, <br><br> Counterclaim-Defendants. | CASE: 8:14−cv−00333−AG−DFM <br><br> *Judge: Andrew J. Guilford, Courtroom 10D* <br><br> **DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR STAY OF PROCEEDINGS** <br><br> Responsive Claim Construction Briefs due under S.P.R. 3.5: Sept. 16, 2014 <br><br> 12(b)(6) Motion Hearing: Oct. 6, 2014. 10:00 a.m. <br><br> Claim Construction Hearing-estimated date, subject to Court's schedule, under S.P.R. 3.6: Oct. 27, 2014. <br><br> Discovery Fact Cut-Off: Nov. 24, 2014. <br><br> *[Exhibit filed concurrently herewith]* |

1

**TABLE OF CONTENTS**

Page

I.    BACKGROUND AND PROCEDURAL POSTURE……………..……….    1

      A.    The "Massachusetts Judgment" or "Massachusetts Litigation"……    1

      B.    The Moving Parties' Present Motions to Dismiss…………………    3

      C.    The Present Lawsuit…………………………………………………    4

      D.    The "Moving Parties"……………………………………………    6

      E.    Defendant Duane C. Blake ……………………………………….    7

II.   ARGUMENT……………………………………………………..    8

      A.    Judicial Notice…………………………………………………    8

      B.    Res Judicata through either Claim or Issue Preclusion is Not
            Applicable………………………………………………………    11

      C.    Fed. R. Civ. P. 12(b)(6) Plausibility Standard Applied to
            Patent Cases ……………………………………………………..    14

      D.    Direct Infringement and Inducement of the '889 Patent are
            Properly Pled (Counts I and II)…………………………………    15

      E.    Declarations of Infringement and Validity of the '889
            Patent are Proper (Count III)…………………………....……    17

      F.    CU-PCGS's Stay Request Should Be Summarily Denied……..    18

III.  CONCLUSION…………………………………………….........    22

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

i

# TABLE OF AUTHORITIES

Page

**Federal Cases:**

*Anticancer Inc. v. Xenogen Corp.*
248 F.R.D. 278 (S.D.Cal.2007) ………………………………….. 14

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ………………………………………… 14

*Aspex Eyewear, Inc. v. Zenni Optical Inc.*
713 F.3d 1377 (Fed. Cir. 2013) …………………………………… 11

*Baldwin v. Kilpatrick* (*In re Baldwin*)
249 F.3d 912 (9th Cir.2001) …………………………………… 12

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) …………………………………………… 14

*Brain Life, LLC, v. Electra, Inc.*
No. 2013-1239 (Fed.Cir., Mar. 24, 2014) ………………………… 12

*Brown v. Duchesne*
60 U.S. 183 15 L.Ed. 595 (1857) ……………………………….. 11

*Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*
WL 1052883, at *1 (N.D.Cal. Apr. 5, 2007) ………………………… 21

*Coffman v. Breeze Corp*s.
323 U.S. 316 (1945) …………………………………………… 18

*Erickson v. Boston Scientific Corp.*
846 F. Supp. 2d 1085 (C.D. Cal. Dec. 12, 2011) ……………………… 9

*Ernst & Young v. Depositors Econ. Protection Corp.*
45 F.3d 530 (1st Cir. 1995) ……………………………………... 17

*Exxon Chem. Patents, Inc. v. Lubrizol Corp.*
935 F.2d 1263 (Fed.Cir.1991) …………..……………………… 11

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

ii

*Global-Tech Appliances, Inc. v. SEB S.A.*
    179 L.Ed.2d 1167 (May 31, 2011) ……………………………………...    17

*Honkanen v. Hopper (In re Honkanen)*
    446 B.R. 373 (9th Cir. BAP 2011) ……………………………………..    12

*In re Seagate Tech., LLC*
    497 F.3d 1360 (Fed. Cir. 2007) ………………………………………..    17

*Intri-Plex Techs., Inc. v. Crest Grp., Inc.*
    499 F.3d 1048 (9th Cir.2007) …………………………………………..    9

*JDS Uniphase Corporation v. CoADNA Photonics, Inc*.
    Case No. 14-cv-01091-JST (N.D. Cal. June 26, 2014) …………………    16

*Kessler v. Eldred*
    206 U.S. 285 (1907) …………………………………………………….    12

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc*.
    714 F.3d 1277 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct. 1026 (U.S. 2014)    14

*Manville Sales Corp. v. Paramount Systems Inc*.
    917 F.2d 544 (Fed. Cir. 1990) ………………………………………….    17

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*
    58 F.3d 616 (Fed. Cir. 1995) …………………………………………..    11

*Murata Manufacturing Co. v. SynQor, Inc.*
    App. No. 2012-012209 (P.T.A.B. Aug. 19, 2013) ……………………..    21

*Navarro v. Block*
    250 F.3d 729 (9th Cir. 2001) ……………………………………………    15

*Nystrom v. Trex Co*.
    580 F.3d 1281 (Fed. Cir. 2009) ………………………………………...    11

*Tellabs, Inc. v. Makor Issues & Rights, Ltd*.
    551 U.S. 308 (2007) …………………………………………………….    9

*Universal Elecs., Inc. v. Universal Remote Control, Inc*.
    943 F.Supp.2d 1028 (C.D. Cal. May 2, 2013) …………………………    20

<div style="text-align:left; font-weight:bold;">
EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com
</div>

iii

DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO
DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR STAY
OF PROCEEDINGS

*Warner-Lambert Co. v. Apotex Corp.*
    316 F.3d 1348 (Fed. Cir. 2003) ……………………………………   17

*Ximpleware, Inc. v. Versata Software, Inc. et al.*
    Case No. 5:13-cv-05161-PSG (N.D. Cal. May 16, 2014) ………………   15


**Federal Statutes**

Fed. R. Civ.P. 1 ……………………………………………………...   21
Fed. R. Civ. P. 12(b) ……………………………………………………..   9
Fed. R. Civ. P. 12(b)(6) ……………………………………………14, 15, 18
Fed. R. Civ. P. 15(a)(2) ………………………………………………   17
Fed. R. Evid. 201 ……………………………………………………   9


**Federal Authority**

28 U.S.C. § 2201 …………………………………………………   17
35 U.S.C. §§ 101, 102(b) …………………………………………   4, 19
35 U.S.C. §271(a) …………………………………………………   4, 15
35 U.S.C. §271(b) ………………………………………………15, 16, 17
35 U.S.C. § 271(a)(b) ……………………………………………… 10, 13
35 U.S.C. § 284 …………………………………………………   15
35 U.S.C. § 299 …………………………………………………   6
35 U.S.C. §303 …………………………………………………   20
S.P.R. 1.6 ………………………………………………………   5, 6
S.P.R. 2.7 ………………………………………………………   4, 19

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

iv

DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO
DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR STAY
OF PROCEEDINGS

1

**I.     BACKGROUND AND PROCEDURAL POSTURE**

2

    **A.     The "Massachusetts Judgment" or "Massachusetts Litigation"**

3

    This Opposition derives from Plaintiff Collectors Universe, Inc. ("CU"), March 4,

4

2014 Declaratory Judgment Complaint (ECF 1), and Defendant Duane C. Blake's

5

("Blake") July 3, 2014 Amended Answer and Counterclaims I, II and III.  (ECF 14).  On

6

August 15, 2014, three Fed.R.Civ.P. 12(b)(6) Motions to Dismiss were filed against

7

Blake's three counterclaims (Collectively "Motion"). Each Motion forwards identically-

8

confusing grounds, and each reeks of bad faith. Memoranda to these Motions are

9

docketed as ECF 18-1 (David Hall Rare Coins, Inc.); ECF 19-1 (CU Expos Unlimited,

10

LLC), and ECF 20-1 (CU, and CU division Professional Coin Grading Service

11

("PCGS") (hereinafter "CU-Related Parties" or "Moving Parties"). Moving Parties are

12

closely-related entities, and singularly represented in this lawsuit by attorneys Armen

13

Vartian, Laura Tiemstra, and Sandra Thompson. All Motions are based on distortions of

14

fact and law relating to a "Massachusetts Judgment" (hereinafter "Order") between

15

Blake and CU-PCGS in the Massachusetts lawsuit *Blake v. Prof'l Coin Grading., et al*.,

16

no. 11-11531-WGY, ECF 54 (D. Mass. Jul. 25, 2012).

17

    In order to clarify, a copy of Judge William Young's 12(b)(6) Order dated July

18

25, 2012 from that "Massachusetts Litigation", is attached hereto as <u>Exhibit A</u>. (the

19

Order is referred to in the CU Motions as the "Massachusetts Judgment").

20

    Blake requests Judicial Notice be made herein as to Judge Young's 2-page FRCP

21

12(b)(6) Order attached as Exhibit A.  This short Order clearly describes the causes of

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1

**DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR STAY OF PROCEEDINGS**

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1    action that were adjudicated in Massachusetts, and leaves no room for dispute.  CU's

2    present counsel Armen Vartian is fully aware of this Order, having been an associated

3    counsel of record in the Massachusetts Lawsuit.  Yet the Motions are rife with outright

4    statements and inferences that the Massachusetts litigation was a "patent infringement"

5    and "non-infringement" findings were made.  These statements and inferences are

6    simply not true.

7          Thus, based on the circumstances both under which the Motions were brought[1]

8    and now presented, this background section is included to clarify the Moving Parties'

9    muddled misstatements relating to res judicata based on the earlier lawsuit.  Upon receipt

10   of the Motions on August 15, Blake contacted Mr. Vartian about the representations

11   made about the "Massachusetts Lawsuit" being a "patent infringement' in

12   Massachusetts, and the Motions additionally arguing that CU was "already been found

13   non-infringing."  (ECF 20-1, p. 2:4-5).  Blake explained that these false statements

14   would mislead the Court and must be withdrawn. Mr. Vartian refused.

15         A most cursory review of Exhibit A is sufficient to establish that no patent

16   infringement claims were made or decided in Massachusetts.  Nor could they be, as

17   Blake's '889 patent had not yet issued before March 4, 2014.  The case revolved a

18   _____

19   [1] The Motions were filed contrary to L.R. 7.3, as the meet/confer requirement was
     completely disregarded by CU.  Furthermore, CU and Blake filed their Rule 26 Joint

20   Scheduling Report on June 23, 2014, and CU included its legal theories.  (ECF 9, pp. 2-
     3).  In that Report, CU does not anywhere disclose the res judicata 'theories' now

21   asserted in the Motions to Dismiss.  So at the very least, the Motion filings and
     subsequent conduct violates L.R. 7.3.

2

**DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO
DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR
STAY OF PROCEEDINGS**

1   12(b)(6) motion filed by CU-PCGS, and decided on the pleadings for six counts.  But the

2   lawsuit did not include patent infringement.  Further, the Massachusetts Litigation

3   involved no claim construction pleadings or Markman hearing.  Invalidity could not be

4   assessed, as the patent had not issued. CU admits as much by bringing a Declaratory

5   Judgment action for "non-infringement" in this Court— logically; why would the

6   present action be needed, absent even a cease and desist letter being sent to CU, if from

7   CU's perspective the true patent infringement and validity issues had already been

8   finally adjudicated in Massachusetts.  CU offered no discovery in the Massachusetts case

9   related to claim construction, or anything else, for that matter.

10          Clearly, the CU-related Motions are based on literal fabrications. And because

11   these fabrications are completely woven through the Motions, they cannot be politely

12   ignored or 'argued around' in Opposition, and must be addressed for what they are.

13          **B.      The Moving Parties' Present Motions to Dismiss**

14          The Motions ask that Blake's three "Counterclaims for Patent Infringement and

15   Validity" (ECF 14:20-33) be dismissed as having been already adjudicated in

16   Massachusetts.  The Counterclaims are presented in ECF 14 as <u>Count I</u> for patent

17   infringement under 35 U.S.C. §271(a), <u>Count II</u> for patent inducement under 35 U.S.C.

18   §271(b), and <u>Count III</u> requesting a Declaration of <u>validity</u> of the '889 patent, and

19   opposes CU's Declaratory requests filed March 4 for <u>invalidity</u> of the '889 patent, which

20   CU alleges under 28 U.S.C. §2201, and stating that "a justiciable case or controversy

21   exists" between the parties as to this issues.  (ECF 1, ¶ 10, 26-30).  Why the March 4

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California  90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

3

**DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO
DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR
STAY OF PROCEEDINGS**

'controversy' supporting CU's "invalidity" DJ request would not extend to Blake's Count III for "validity" was not addressed in any of the Motions.  Thus, it is believed that Count III should be allowed for this reason alone.  Furthermore, CU's own March 4 Complaint asks this Court to find that its "PCGS Secure®" service be found to non-infringe the '889 Patent (ECF 1, ¶¶ 39-42).  CU also requested an invalidity judgment of the '889 Patent, based on alleged invalidity asserted under 35 U.S.C. §§ 101, 102(b), 103(a), 112(¶1), 112(¶2), and 37 CFR § 1.56. (ECF 1, ¶¶ 31-42).  So CU's Motions are confusing and nonsensical on this level, as well, as CU was the initiating party requested the judgments.

## C.     The Present Lawsuit

Following that Complaint, Blake and CU counsel exchanged hundreds of emails under this Court's Standing Patent Rules in an attempt to narrow issues, discover facts, and possibly resolve this action.  From early May, 2014, these exchanges included CU's Invalidity Contentions under S.P.R. 2.7 being served on May 13, 2014, and Blake' response on May 15, 2014.  Blake filed his original Answer and Affirmative Defenses on April 7, 2014. (ECF 7).  The parties engaged in settlement discussions, and Blake offered written settlement proposals to CU on three separate occasions.  CU has not counter-offered to Blake's settlement offers.  Blake finally served a Rule 68 Offer of Judgment to CU based on Blake's Patent Infringement Counterclaims being allowed on June 30, 2014.  The parties' suggested litigation schedule was adopted by this Court on June 30, 2014, and the Court issued its Scheduling Order. (ECF 11).  The Minutes of the

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California  90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

4

**DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR STAY OF PROCEEDINGS**

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1  Scheduling Conference were provided by the Court.  (ECF 13).  On June 23, 2014, and

2  even before Blake's counterclaims were filed, Blake designated the "PCGS Secure®"

3  coin service (system and product) as the specific "Accused Instrumentality" under S.P.R.

4  1.6.  And Blake explained his infringement and damage theories in detail.  Namely; that

5  the PCGS Secure® service is being made, used and sold, and is infringing the plain

6  language of asserted claims 1, 3 and 4 of the '889 patent by CU and its related parties.

7  *See* the Rule 26 Joint Scheduling Report, ECF 9, pp. 2-3.

8      Lastly, the Court granted CU Counsel's verbal request to file these Motions to

9  Dismiss by August 15, 2014.  This Court's courtesy allowed CU an additional 4 weeks

10  to file its Motions, or, 7 weeks in total to respond. In the interim period, Discovery was

11  on-going, and Blake served his FRCP 33, 34 and 36 discovery requests on July 29, 2014.

12  Depositions are presently being scheduled.  Blake's S.P.R. 2.1 Patent Infringement

13  Contentions (with detailed Exhibits A-H), were served on August 4, 2014, and the

14  parties spent much time narrowing their claim construction terms to just two presently-

15  disputed claim terms in the '889 patent.

16      The Motions to Dismiss and related Memoranda are almost identical, and each

17  commonly seek, in essence: a) dismissals based on res judicata derived from a former

18  lawsuit between CU-PCGS, and b) a stay of this dispute being sought based upon the

19  August 14, 2014 ex parte reexamination request being made in the USPTO by CU-

20  PCGS.

21

**DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR STAY OF PROCEEDINGS**

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

### D.     The "Moving Parties"

The Moving Parties are all legally identical, or closely-related parties, and all make, use, and/or sell the same infringing process and product.  The Motions admit as much; "The parties are, in effect, the same."  (ECF 18-1, p. 8:4).  Plaintiff Collectors Universe, Inc. ("CU"), is a maker, user and seller of the "PCGS Secure$^{®}$" service (the system and product that Blake's Counterclaims designate as the "Accused Instrumentality" under S.P.R. 1.6).  CU has a number of operating divisions, including the Professional Coin Grading Service ("PCGS"), a coin grading/labeling division (Collectively, "CU-PCGS").  CU also includes the division Expos Unlimited, LLC ("CU Expo"), which is, *inter alia*, a coin auction division of CU.  CU Expo facilitates making, using, buying and selling of "PCGS Secure$^{®}$" services and coin holders.  Another company operating out of the same building as CU-PCGS and CU Expo is named DHRCC, Inc.  ("David Hall Coin.")  David Hall Coin is a coin dealership owned by Mr. David Hall and Mr. Van Simmons.  As alleged, David Hall Coin is a seller and user of "PCGS Secure$^{®}$" processed coin services and holders in violation of claims of the '889 patent.  (ECF 14, p. 23, ¶ 19.)  In addition to owning David Hall Coin.  Messrs. Hall and Simmons both also serve on CU's Board of Directors as well, and are PCGS' co-founders.  And Mr. Hall is also the Chief Executive Officer of CU.  Blake moved that PCGS, David Hall Coin and CU Expo to be joined infringers under 35 U.S.C. § 299, and the Motions to Dismiss do not address this law.  (See EFC 10, pp. 2:13-20).  CU further did not move to sever on August 30, 2014, per the Court's Scheduling Order.  (ECF 11,

**DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR STAY OF PROCEEDINGS**

pp. 3:7-10).  So joinder under § 299 is accepted by the CU-Related Parties as related to the patent infringement counterclaims.  Thus, Blake opposes Motions ECF 18, 19 and 20 against Moving Parties collectively, and based on the arguments herein.

### E.   Defendant Duane C. Blake

Blake is a practicing patent attorney who operates a small legal practice in Massachusetts.  Blake has been practicing law since 1996 as a member of the Massachusetts bar, the United States Patent and Trademark Office ("USPTO"), and the Court of Appeals for the Federal Circuit.  Blake is also a businessman, having experience with a number of business ventures.  Additionally, Blake has collected and sold collectable coins as a life-long avocation, and was known in the numismatic industry as a 'vest-pocket' or small, part-time buyer and seller of coins.  (ECF 14, pp. 20, ¶ 1.)

In early 2008, having been personally concerned by numismatic industry problems, Blake attempted to create a solution to these problems.  Blakes' efforts lead to the development of his consumer improvements claimed in U.S. Pat. No. 8,661,889 ('889 patent).  As a patent attorney and businessman, Blake believed that if the improvements could be tested, and were accepted by the coin collector market, the ideas could simultaneously increase coin values and safeguard coin collectors and investors against lost value in the event that a coin processed under his system was lost, stolen, or manipulated though an illegal process called "coin doctoring".  In effect, Blake created an improvement that was intended, by analogy, to make coin trading more certain, and

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California  90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

7

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1  like trading a stock.  In an attempt to commercialize his invention in 2008, Blake

2  approached the larger industry grading companies, including CU-PCGS, through

3  individuals who were affiliated with these companies.  David Hall was one such

4  individual.  Blake explained that he was filing a patent application, and asked for

5  assistance in refining and testing his innovation.  In return, he offered a license to CU to

6  test his ideas, given the high level of industry recognition and clout these companies

7  enjoyed.  But Blake was rebuffed and the individuals/companies claimed no interest.

8  Blake continued with his idea development by writing a few published industry articles

9  in 2008 to publicize his ideas.  He further incorporated parts of those articles into a

10 provisional patent application that was filed on July 16, 2009.  Blake continued working

11 on his idea development, and followed up with a U.S. utility application filing on July

12 14, 2010.  This application gained the priority benefits from the earlier provisional patent

13 application, and the '889 patent on <u>March 4, 2014</u>.

14      On that same day, and <u>absent Blake sending a cease and desist letter relating to</u>

15 <u>the '889 patent or making any threats to any Moving Parties</u>, Collectors Universe, Inc.

16 brought the present Declaratory Judgment Complaint against the '889 patent.  (As

17 alleged in ECF 14, p. 27, ¶¶ 40-41).

18 II.   ARGUMENT

19      A.   Judicial Notice

20      While a district court may not generally consider materials 'outside' of the

21 pleadings in ruling on a Rule 12(b)(6) motion, an exception to this rule however is that a

8

1   "court may take judicial notice of matters of public record without converting a motion

2   to dismiss into a motion for summary judgment, as long as the facts noticed are not

3   subject to reasonable dispute."  *See, e.g., Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499

4   F.3d 1048, 1052 (9th Cir.2007); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,

5   551 U.S. 308, 322 (2007).  This Court has taken judicial notice in the FRCP 12(b)

6   context in *Erickson v. Boston Scientific Corp.*, 846 F. Supp. 2d 1085 (C.D. Cal. Dec. 12,

7   2011) (Andrew J. Guilford, District Judge); Under Federal Rule of Evidence 201, "[a]

8   judicially noticed fact must be one not subject to reasonable dispute in that it is either (1)

9   generally known within the territorial jurisdiction of the trial court or (2) capable of

10  accurate and ready determination by resort to sources whose accuracy cannot reasonably

11  be questioned."  Fed. R.Evid. 201.

12          The present case meets these criteria. The Moving Parties use identical theories of

13  issue and claim preclusion, and well as non-inducement to infringe the '889 patent based

14  on the CU-Related Parties' alleged "lack of knowledge" relating to the Massachusetts

15  Lawsuit being a patent infringement, action, which it clearly was not.  In every Motion

16  to Dismiss, counsel Armen Vartian has mischaracterized the former Massachusetts

17  Lawsuit between Blake and CU-PCGS as one based on "patent infringement" of Blake's

18  'patent'.  Mr. Vartian even alleges that his client had prevailed, as the Massachusetts

19  Court found that CU "does not infringe."  *See, e.g.*, ECF 20-1, p. 6:27 and7:1-2; ECF 18-

20  1, p. 6:25-28; and ECF 19-1, p. 8:21-22.

21

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

9

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1      "Because the Massachusetts lawsuit already found that <u>PCGS's conduct does not</u>

2 <u>infringe Blake's patent</u>, the claims against CU/PCGS are barred by issue preclusion."

3 (ECF 20-1, p. 6:27 and7:1-2.)  And; "While CU/PCGS has had knowledge of Blake's

4 patent, they also know that the <u>Massachusetts Judgment was based on a finding of non-</u>

5 <u>infringement by CU and PCGS</u>."  (ECF 20-1, p. 8:26-28.)  (Underlines added.)

6      These assertions and many more implied assertions are scattered throughout the

7 Motions.  But despite the 'already' decided "infringement" characterizations, the

8 Massachusetts Court Order accuracy cannot reasonably be questioned, and the

9 publically-available Order is "capable of accurate and ready determination" as to what

10 the Massachusetts Judgment included (and did not) based on Judge Young's July 25,

11 2012 Order.  Because the CU-Related Parties' misrepresentations, Blake asks this Court

12 to take judicial notice that the Massachusetts Lawsuit was <u>not</u> a patent infringement

13 action under 35 U.S.C. § 271(a)(b), nor was it decided as such.

14      This request is important because Mr. Vartian's factual misrepresentations

15 underlie almost every CU-Related Party argument, even as the description of the

16 Massachusetts Lawsuit is literally false.  So while counsel for the CU-Related Parties

17 has presented the Massachusetts Lawsuit as an "alleged infringement of various claims"

18 to this Court in its Complaint (ECF 1, ¶¶ 14, 17, 27), and within all of the present

19 Motions to Dismiss, the Order simultaneously presents a different picture.  For these

20 reasons, Blake asks the Court to find that the Order meets the requirements of Rule 201,

21 and grant Blake's request for judicial notice.

10

**DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO
DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR
STAY OF PROCEEDINGS**

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

**B.      Res Judicata through either Claim or Issue Preclusion is Not**

**Applicable**

Black Letter patent law has been resolved for over a century on the issue being

mischaracterized in the present Motions to Dismiss; "[A]n inventor has no enforceable

rights under the patent laws until the patent securing those rights has issued."  *See, e.g.*

*Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 935 F.2d 1263, 1266 (Fed.Cir.1991)

(Newman, concurring opinion), citing *Brown v. Duchesne*, 60 U.S. 183, 195, 15 L.Ed.

595 (1857).

As this law relates to the present Opposition, the Federal Circuit's review of a

collateral estoppel determinations is generally guided by the regional circuit's precedent,

but applies its own precedent to those determinations that involve substantive issues of

patent law, as in the present case.  *See Aspex Eyewear, Inc. v. Zenni Optical Inc.*, 713

F.3d 1377, 1380 (Fed. Cir. 2013).

As recognized, claim preclusion bars "the relitigation of a claim, or cause of

action, or any possible defense to the cause of action which is ended by a judgment of

the court."  *Nystrom v. Trex Co.*, 580 F.3d 1281, 1284-85 (Fed. Cir. 2009).  And claim

preclusion bars both claims that were brought as well as those that could have been

brought.  *See, e.g., Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619-20

(Fed. Cir. 1995.)  However, the Federal Circuit has made clear; "[T]traditional notions

of claim preclusion do not apply <u>when a patentee accuses new acts of infringement, *i.e.*,</u>

post-final judgment, in a second suit—even where the products are the same in both

11

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1    suits." *See Brain Life, LLC, v. Electra, Inc*., No. 2013-1239 (Fed.Cir., Mar. 24, 2014);

2    citing *Kessler v. Eldred*, 206 U.S. 285 (1907) (underlines added).  In other words, if an

3    issue/claim of infringement has not been "litigated", it *a fortiori* cannot be "relitigated".

4    And as proven by Exhibit A, patent infringement was <u>not</u> litigated in Massachusetts,

5    despite what CU-PCGS represents to this Court.  In fact, it was impossible.

6    But even if the Moving Parties were being truthful (they are not), they have not

7    proffered any evidence, save their own word, that would allow this Court to consider

8    their assertions.  The Ninth Circuit has allocated the burden of proof in such matters as

9    follows: "The party asserting [issue preclusion] has the burden of proving that all of the

10   threshold requirements have been met....  To meet this burden, the moving party must

11   have pinpointed the exact issues litigated in the prior action and introduce a record

12   revealing the controlling facts."  *Honkanen v. Hopper (In re Honkanen)*, 446 B.R. 373,

13   382 (9th Cir. BAP 2011) (explaining further that "[r]easonable doubts about what was

14   decided in the prior action should be resolved against the party seeking to assert

15   preclusion.").  The party urging preclusion must also establish "that the public policies

16   underlying the collateral estoppel doctrine would be furthered by application of

17   preclusion to the particular issue before the court." *Baldwin v. Kilpatrick* (In re

18   Baldwin), 249 F.3d 912, 919 (9th Cir.2001).  Those policies include identifying

19   "preservation of the integrity of the judicial system, promotion of judicial economy, and

20   protection of litigants from harassment by vexatious litigation." *Id.*

21

12

**DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR STAY OF PROCEEDINGS**

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1   The Moving Parties have given neither. Thus, in the present case, neither claim

2   nor issue preclusion can apply to Blake's unlitigated patent-related claims of patent

3   infringement action as a matter of law.  The reasoning is simple – a patent infringement

4   suit could not be mounted in Massachusetts because, as the Moving Parties readily point

5   out in their own Motions, the '889 patent was not issued a patent until March 4, 2014.

6   And that is well after the July 2012 12(b)(6) decision for CU in the Massachusetts

7   Litigation. In now attempting to move this Court on 12(b)(6) grounds related to the

8   patent claims in this lawsuit, the Moving Parties can only do so by blatantly

9   mischaracterizing the so-called "Massachusetts Judgment" between the parties, and

10   because of these mischaracterizations, the Moving Parties' present Motions cannot

11   stand.

12       Even with these clear standards in mind, the Moving Parties' Motions maintain

13   that Blake's present counterclaim I-III for patent infringement and validity cannot be

14   "litigated again."  This argument is utterly ridiculous, and the premise an outright lie.

15       The Moving Parties all argue forcefully that because the patent infringement

16   counts under 35 U.S.C. 271 (a)/(b), and patent invalidity claims were, actually

17   adjudicated (for CU-PCGS), or could have been made, but were not (for David Hall

18   Rare Coin and Long Beach Expo), in the previous Massachusetts Lawsuit, these claims

19   are now precluded in this Court and this lawsuit.  These arguments are wholly incorrect

20   as a matter of fact and law.

21

**DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR STAY OF PROCEEDINGS**

1    As established, the Massachusetts Lawsuit did not (could not) include patent

2 infringement claims, because those claims were legally impossible to make.  The

3 Moving Parties have not met their burden under the law on these issues, and the Motions

4 should be denied.

5    **C.    Fed. R. Civ. P. 12(b)(6) Plausibility Standard Applied to Patent Cases**

6    The Fed. R. Civ. P. 12(b)(6) "plausibility standard" has become well-articulated

7 through a pair of watershed cases; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell*

8 *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). But for the present case, the

9 plausibility standard has been further refined as it must be applied in patent infringement

10 actions in-line with Form 18 of the Federal Rules of Civil Procedure, which sets forth a

11 sample complaint for direct patent infringement and requires:

12        "(1) an allegation of jurisdiction; (2) a statement that the

13        plaintiff owns the patent; (3) a statement that defendant has

14        been infringing the patent 'by making, selling, and using [the

15        device] embodying the patent'; (4) a statement that the

16        plaintiff has given the defendant notice of its infringement;

17        and (5) a demand for an injunction and damages."

18    *See, K-Tech Telecomms., Inc. v. Time Warner Cable, Inc*., 714 F.3d 1277, 1283

19 (Fed. Cir. 2013), *cert. denied*, 134 S. Ct. 1026 (U.S. 2014).  The plausibility standard has

20 been further applied to patent infringement counterclaims. *See, e.g., Anticancer Inc. v.*

21 *Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D.Cal.2007).

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

14

1    In the present Opposition, Blake offers that direct infringement has been properly

2    pleaded against all parties using the proper standard, and with the detail required. CU

3    has not used the correct standard nor rebutted Blake's claims.

4    **D.    Direct Infringement and Inducement of the '889 Patent are Properly**

5    **Pled (Counts I and II)**

6    Ninth Circuit courts accept the material facts alleged in the complaint as true, as

7    well as all reasonable inferences that may be drawn from those facts. *Navarro v. Block*,

8    250 F.3d 729, 732 (9th Cir. 2001).  Further, even if Blake's pleadings were defective

9    (they are not), the Moving Parties ignore FRCP 15 and the position of the federal courts

10   in California, where if a pleading has not been made properly, the court almost routinely

11   allows for amendments to be made.  *See, e.g., Ximpleware, Inc. v. Versata Software, Inc.*

12   *et al.*, Case No. 5:13-cv-05161-PSG (N.D. Cal. May 16, 2014) (Claims for infringement

13   under 35 U.S.C. § 271(a) and § 271(b), as well as willful infringement under 35 U.S.C. §

14   284). The Moving Parties also ignore the *K-Tech* refinement of the standard as applied

15   in patent infringement actions, as described in section c, *supra*.  Succinctly, all of the

16   Motions to Dismiss filed on August 15, 2014 advance primarily identical legal theories,

17   on which their collective and entire 12(b)(6) Motions are premised.  The arguments fail

18   for the same reasons.  Specifically, the Moving Parties do not provide an informed

19   FRCP 12 standard as applied in patent infringement actions.  But more specifically,

20   Northern District Court Judge Jon Tigar recently added another point worth considering

21   in cases relating to FRCP 12(b)(6) and the local patent rules, as is the present case:

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California  90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

15

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1    "As an aside — but perhaps a relevant one — it is worth

2    noting that, under this district's Patent Local Rules, plaintiff

3    will be soon be required to disclose detailed and specific

4    information regarding exactly what claims of the patent it

5    contends are infringed and by which specific

6    instrumentalities.  See Patent L.R. 3-1.  Therefore, at least in

7    this district, Defendant will not labor long under any

8    difficulty understanding the nature of the claims against it

9    and beginning to prepare its defense."

10   *See JDS Uniphase Corporation v. CoADNA Photonics, Inc*., Case No. 14-cv-01091-JST

11   (N.D. Cal. June 26, 2014) (Order denying 12(b)(6) motion.)

12       In the present case, Blake's Counterclaims of patent infringement properly plead

13   a claim of direct infringement and are far in excess with the requirements of Form 18 of

14   the Federal Rules of Civil Procedure.  Furthermore, illustrating Judge Tigar's point, CU

15   has had the benefit of literally months of disclosures under the Standing Patent Rules, as

16   well as being given detailed patent infringement charts of the asserted claims 1, 3 and 4

17   on August 4, 2013.  The Moving Parties cannot claim any lack of notice to what has

18   been pleaded.  Indeed, the S.P.R. 3-5 Briefs are before this Court, and the Claim

19   Construction Responses due forthwith.

20       Like direct infringement, inducement is also properly pleaded for the reasons

21   described herein.  35 U.S.C. § 271(b) provides the standard; "whoever actively induces

16

**DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO
DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR
STAY OF PROCEEDINGS**

infringement of a patent shall be liable as an infringer." *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1365 (Fed. Cir. 2003).  In *Global-Tech Appliances, Inc. v. SEB S.A.*, 179 L.Ed.2d 1167 (May 31, 2011), the U.S. Supreme Court held that liability for inducing infringement under 35 U.S.C. § 271(b) requires knowledge of the patent.  The knowledge requirement may be satisfied by a party's <u>willful blindness</u> to the existence of the patent.  *Id*. 35 U.S.C. § 271(b) also reaches individuals who profit from infringement, such as the owners or officers of corporations, without the difficult process of piercing the corporate veil.  *See e.g., Manville Sales Corp. v. Paramount Systems Inc.*, 917 F.2d 544, 553 (Fed. Cir. 1990) ("corporate officers who actively assist with their corporation's infringement may be personally liable for inducing infringement regardless of whether the circumstances are such that a court should disregard the corporate entity and pierce the corporate veil").  *See also, In re Seagate Tech., LLC*, 497 F.3d 1360, 1368 (Fed. Cir. 2007) (en banc.)  The Moving Parties fail to apply these accepted standards in the present case.  Therefore, the Motions to Dismiss must be denied.  If however, the Court deems more pleading detail is required, Blake requests leave to amend his pleading under Fed. R. Civ. P. 15(a)(2).

**E.    Declarations of Infringement and Validity of the '889 Patent are Proper (Count III)**

The Declaratory Judgment Act, 28 U.S.C. § 2201, empowers a federal court to "grant declaratory relief in a case of actual controversy." *Ernst & Young v. Depositors Econ. Protection Corp.*, 45 F.3d 530, 534 (1st Cir. 1995).  In the Motions to Dismiss, the

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

**DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR STAY OF PROCEEDINGS**

1    CU-Related Parties make no arguments to rebut Blake's assertions that a case and

2    controversy exists as to the claims of infringement and validity being asserted against all

3    Moving Parties, therefore the Count III should be maintained.  Furthermore, the very

4    fact that CU brought this declaratory judgment action based on strong assertions of an

5    actual controversy existing is not disputed.  But CU and its closely-related Moving

6    Parties asking to claim "non-infringement" and "invalidity" while Blake not be allowed

7    to counterclaim his "infringement" and "validity" positions is non-sensical,

8    fundamentally improper, and cannot be allowed, as the strategy militates against the

9    purpose of a declaratory judgment in the first instance.  *See Coffman v. Breeze Corp*s.,

10   323 U.S. 316, 324 (1945) ("The declaratory judgment procedure ... may not be made the

11   medium for securing an advisory opinion in a controversy which has not arisen.")

## F.    CU-PCGS's Stay Request Should Be Summarily Denied

13   On March 4, CU chose this Court as its forum to request declarations for non-

14   infringement and invalidity of the '889 patent.  Then on June 30, CU further verbally

15   requested and received (absent any pre-notice to Blake or objection from him), a seven-

16   week extension to file these FRCP 12(b)(6) Motions to Dismiss –as previously argued,

17   in clear violation of the local rules.  CU now again 'requests' (with suspect timing), the

18   Court to stay its own docket –a docket created with CU's input, and absent pressure,

19   threat or cease-desist letter from Blake.  CU-PCGS further situates this stay request (not

20   motion) at the end of +/-30 pages of related motions, composing only one paragraph, and

21   with no legal support or factual justification.  (*See* ECF 20-1, p. 10:8-18).  In the actual

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

18

**DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR STAY OF PROCEEDINGS**

1  reexamination <u>request</u> filed in the USPTO, CU-PCGS is duplicating the actions in this

2  Court as to the validity of the '889 patent, but the USPTO request is based on 35 U.S.C.

3  §103 only.  And CU-PCGS uses new documents before the USPTO as they cannot do so

4  within this Court, given that they served their Invalidity Contentions under S.P.R. 2.7 on

5  May 13, 2014.  These Invalidity Contentions, and also the Parties Rule 26 Joint

6  Scheduling Report dated June 23, 2014 (ECF 9), have different §103 arguments based

7  on a different set of art documents provided in each of the USPTO and this Court.

8  Further, unlike in this lawsuit, CU-PCGS does not question the '889 validity in the

9  USPTO under any other grounds they use in this lawsuit –for example, 35 U.S.C. §§

10  101, 102(b), 112(¶1), 112(¶2), or 37 CFR § 1.56. (ECF 1, ¶¶ 31-42).  Thus, even if the

11  USPTO grants reexam, other issues before this Court cannot be decided by the USPTO.

12  For one example, CU has alleged unenforceability of the '889 under 37 CFR § 1.56.

13  Blake, in return has countered in ECF 14 for a declaration for "enforceability" in Count

14  III.  Only the Court may decide this issue.  And the issue is important, because if the

15  Court were to find the '889 unenforceable, the future right to sue would clearly relate to

16  the '889 patent, but could also impede Blake's future rights to related continuation-in-

17  part applications based on the '889 patent.

18      Conversely, assuming, *arguendo*, that this Court were to find one or more claims

19  of the '889 patent enforceable, but the USPTO were to cancel one or more claims in the

20  '889 in the present reexamination, then in that scenario Blake still has future rights to sue

21  under the continuation-in-part.  Unenforceability has the possibility to extinguish all

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

19

**DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR STAY OF PROCEEDINGS**

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

1    rights in a patent or portfolio, whereas a finding of invalidity of one patent does not.

2    Likewise, Blake has asserted affirmative defenses against CU in the present case, and

3    they cannot be decided by the USPTO.  One example includes Blake's Third Affirmative

4    Defense of CU's unclean hands (ECF 14, pp. 15-16), which is a defense under the

5    circumstances irrespective of what may happen in the USPTO.  This defense must be

6    decided to protect this Court's own integrity.  Further, a stay would prolong injustice to

7    Blake, in a case he did not start, and has been forced to defend.  And whether the

8    USPTO will grant a review will take three months to know under 35 U.S.C. §303, or

9    November 14.  Assuming the reexam is actually granted, the reexam process takes time.[2]

10         This Court has denied stay requests in like situations.  In *Universal Elecs., Inc. v.*

11   *Universal Remote Control, Inc.*, 943 F.Supp.2D 1028 (C.D. Cal. May 2, 2013), this

12   Court listed factors that are typically considered in a decision to stay a proceeding.

13   Including whether litigation is in its initial stages, whether the basis for a reexamination

14   request is being used for delay, and whether reexamination will likely simplify issues for

15   trial.  But also, in *Universal*, the Court elucidated a fourth factor relating to the court's

16   inherent right to control its own docket.  The Court showed concern that allowing the

17   progress of its docket to depend on the status of reexamination proceedings could

18

19

20

21   ───────────────

[2] According to the USPTO, the average pendency of an ex parte patent reexamination, from
filing date to certificate issue, is 27.8 months, and the median is 20.1 months.
http://www.uspto.gov/patents/stats/Reexamination_Information.jsp (Updated Nov. 22, 2013).

20

**DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO
DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR
STAY OF PROCEEDINGS**

1    interfere with its obligation "to secure the just, speedy, and inexpensive determination of

2    every action," quoting Fed.R.Civ.P. 1, and this Court's Order dated April 21, 2014.

3    (ECF 8) ("Counsel are also ordered to keep the Court informed concerning the status of

4    this case.")  CU had an opportunity to explain any need for reexam to the Court on June

5    30, instead of manipulating the docket for its own purposes.  This Court has further

6    observed; "If litigation were stayed every time a claim in suit undergoes reexamination,

7    federal infringement actions would be dogged by fits and starts.  Federal court calendars

8    should not be hijacked in this manner."  Citing *Comcast Cable Commc'ns Corp., LLC v.*

9    *Finisar Corp.*, No. C 06-04206 WHA, 2007 WL 1052883, at *1 (N.D.Cal. Apr. 5, 2007).

10   "Hijacking" the Court's docket is exactly what CU-PCGS is attempting.  But only after

11   receiving the Court's deadline extensions and receiving Blake's infringement

12   contentions on August 4 does CU attempt this end-run.  And even if the reexam is

13   granted, this case will be completed before the reexam can be decided.  In that instance,

14   the reexam process will actually benefit from the matters decided by this Court.  *See*

15   *Murata Manufacturing Co. v. SynQor, Inc.*, App. No. 2012-012209 (P.T.A.B. Aug. 19,

16   2013).  Thus, a stay is not truly needed when fully considered.  A stay is not an event

17   worth hijacking the Court's docket in this case– and CU has offered no evidence to

18   suggest otherwise.  This Court is not a personal playground for CU.  They cannot pick

19   their own local forum, and then bounce away when the weather turns.  For these reasons,

20   Blake asks that the Court deny the request to stay these proceedings.

21

EDGERTON & WEAVER, LLP
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

21

**DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR STAY OF PROCEEDINGS**

## III.    CONCLUSION

For the reasons explained, Blake respectfully asks the Court to deny Plaintiff's Motions and, further, to deny Plaintiff's request to stay.

Dated: September 15, 2014                    Respectfully submitted,
                                             Defendant,
                                             Duane C. Blake, (pro se),


                                             */s/Duane C. Blake*_____
                                             Duane C. Blake
                                             Duane.Blake@comcast.net
                                             67 Sterling Road
                                             Westwood, MA 02090
                                             Telephone: 781-492-2361

**EDGERTON & WEAVER, LLP**
2615 Pacific Coast Hwy., Suite 300
Hermosa Beach, California 90254
Telephone: (310) 937-2066
Facsimile: (310) 937-2064
www.edgertonweaver.com

22

**DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR STAY OF PROCEEDINGS**

<u>**Certificate of Service**</u>

I hereby certify that on September 15, 2014, I caused a copy of DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION to be served upon the following counsel via the Court's CM/ECF system and email:

| | |
|---|---|
| Armen R. Vartian, Esq. (Bar No. 155766)<br>Laura Tiemstra, Esq.<br>Law Offices of Armen Vartian<br>1601 N. Sepulveda Blvd #581<br>Manhattan Beach, CA 90266<br>310-372-1355<br>armen@vartianlaw.com<br>laura@vartianlaw.com | *Attorneys for Collectors Universe, Inc., Professional Coin Grading Service, Expos Unlimited, LLC, and DHRCC, INC.* |
| Sandra Thompson, Esq. (Bar No. 201536)<br>Buchalter Nemer<br>18400 Von Karman Ave., Suite 800<br>Irvine, California 92612-0514<br>Telephone: 949-760-1121<br>sthompson@buchalter.com | *Of-counsel. Attorneys for Collectors Universe, Inc., et al.* |
| Theodore C. Peters, Esq.<br>tpeters@edgertonweaver.com<br>Elizabeth Del Cid, Esq.<br>edelcid@edgertonweaver.com<br>EDGERTON & WEAVER, LLP<br>2615 Pacific Coast Hwy, Suite 300<br>Hermosa Beach, CA 90254<br>Telephone: 310.937.2066 | *Limited Appearance Local Attorneys for Duane C. Blake* |
| J. Donald Best, Esq., Bar No. 146984<br>MICHAEL BEST & FRIEDRICH LLP<br>One South Pinckney Street<br>Madison, WI 53701-1806<br>Telephone: 608.257.3501<br>E-mail: jdbest@michaelbest.com | *Limited Appearance Patent Claim Construction Related-Proceedings Attorney for Duane C. Blake* |

*/s/Duane C. Blake_____*
Duane C. Blake

EDGERTON & WEAVER, LLP<br>2615 Pacific Coast Hwy., Suite 300<br>Hermosa Beach, California 90254<br>Telephone: (310) 937-2066<br>Facsimile: (310) 937-2064<br>www.edgertonweaver.com

23

**DEFENDANT DUANE BLAKE'S CONSOLIDATED OPPOSITION TO MOTIONS TO DISMISS UNDER FED. R. CIV. P. 12(B)(6), AND OPPOSITION TO REQUEST FOR STAY OF PROCEEDINGS**